# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WARREN BRINSON WEEKS, JR., Individually and as Father of HALEY AMY JAMES, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-16-251-D |
| ARMOR CORRECTIONAL HEALTH SERVICES, INC., a Florida Corporation; THE BOARD OF COUNTY COMMISSIONERS OF OKLAHOMA COUNTY, a political subdivision of the State of Oklahoma; JOHN WHETSEL, individually and in his official capacity as Sheriff of Oklahoma County; THE OKLAHOMA COUNTY SHERIFF'S DEPARTMENT; and OKLAHOMA CITY POLICE DEPARTMENT, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## **ORDER**

The present action is brought by Plaintiff for the death of his daughter, Haley James, while Haley was incarcerated at the Oklahoma County Jail. Defendants move to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted and lack of subject matter jurisdiction [Doc. Nos. 6, 7, 11]. Plaintiff has filed his response in opposition [Doc. Nos. 12, 13, 15]. The matter is fully briefed and at issue.

The claims for relief in this action are brought under 42 U.S.C. §§ 1983, 1985(3), and 1988;[1] the Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution; and Oklahoma law. Of principal concern to the Court is whether Plaintiff, individually, has standing to pursue a § 1983 action on behalf of his daughter.[2] "Because it involves the court's power to entertain the suit, constitutional standing is a threshold issue in every case before a federal court." *O'Connor v. Washburn Univ.*, 416 F.3d 1216, 1222 (10th Cir. 2005) (citation omitted).

Generally, "constitutional rights are personal and may not be asserted vicariously." *Broadrick v. Oklahoma*, 413 U.S. 601, 610 (1973) (citations omitted); *cf. O'Connor*, 416 F.3d at 1222 ("In order to have standing, a party invoking the court's authority 'must allege *personal injury* fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.'") (quoting *Raines v. Byrd*, 521 U.S. 811, 818-19 (1997)(emphasis in original). The

---

[1] Section 1983 provides a remedy for deprivations of constitutional rights performed under color of state law. *McCarty v. Gilchrist*, 646 F.3d 1281, 1285 (10th Cir. 2011). Section 1985 provides, *inter alia*, a cause of action for conspiracy to interfere with a person's civil rights accompanied by some racial or otherwise class-based discriminatory animus. *Jones v. Norton*, 809 F.3d 564, 578 (10th Cir. 2015). Section 1988 provides the means for a prevailing party to recover remedies in a civil rights action. *Schroder v. Volcker*, 864 F.2d 97, 99 (10th Cir. 1988).

[2] The Court may raise the question of standing *sua sponte*, notwithstanding the lack of an objection from any party. *Rector v. City & Cnty. of Denver*, 348 F.3d 935, 942 (10th Cir. 2003).

Supreme Court has recognized that Fourteenth Amendment rights are personal in nature, and cannot be asserted vicariously. *Shelley v. Kraemer*, 334 U.S. 1, 22 (1948).[3] To this end, a § 1983 claim must be based on the violation of the plaintiff's personal rights and not those of someone else. *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990). Instead, the Tenth Circuit has held that the proper remedy for a § 1983 death case is a survival action brought by the estate of the deceased victim. *Berry v. City of Muskogee*, 900 F.2d 1489, 1506-07 (10th Cir. 1990).

Plaintiff's Complaint states he is the father and next of kin of Ms. James. Compl. at ¶¶ 1, 6. These allegations, however, are insufficient to confer upon Plaintiff the requisite standing to pursue a civil rights action on behalf of his daughter. *See Snow v. Bd. of County Comm'rs of the County of McClain*, No. CIV-14-911-HE, 2014 WL 7335319, at *4 (W.D. Okla. Dec. 19, 2014) (unpublished) (dismissing § 1983 claim where plaintiff appeared only as "mother and next friend" of victim); *see also A.H.D.C. v. City of Fresno, Cal.*, No. CV-F-97-5498, 2000 WL 35810723 (E.D. Cal. Aug. 31, 2000) (unpublished) ("There is no third-party standing to vicariously advance a civil rights claim under Section 1985(3).").

---

[3] The Complaint alleges Ms. James was a pretrial detainee. Compl., ¶ 10. A pretrial detainee's right to proper medical treatment is governed by the Fourteenth Amendment. *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009); *Lopez v. LeMaster*, 172 F.3d 756, 759 n. 2 (10th Cir. 1999).

Accordingly, the Court finds Plaintiff's federal claims should be dismissed without prejudice.

Having found the Court lacks original jurisdiction over Plaintiff's federal claims, it declines to address Defendants' motions as they relate to Plaintiff's state law claims. *See* 28 U.S.C. § 1367(a), (c).[4]

Accordingly, Plaintiff's Complaint is dismissed, without prejudice to refiling, as set forth herein. Within **twenty-one (21) days** of this Order, Plaintiff may file an amended complaint or seek an extension of time to do so.

**IT IS SO ORDERED** this 17th day of November, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[4] Plaintiff's Complaint contends the Court has supplemental and pendent jurisdiction over all state law claims. Compl., ¶ 2.